**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CELADOR INTERNATIONAL, INC., a United Kingdom corporation, | No. 11-55104 |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-03541-VAP-RNB |
| v. | |
| AMERICAN BROADCASTING COMPANIES, INC., a New York corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellants, | |
| _____, | |
| THE WALT DISNEY COMPANY; et al., | |
| Defendants, | |
| and | |
| LUSAM MUSIC, LTD., a United Kingdom corporation; et al., | |
| Plaintiffs. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| CELADOR INTERNATIONAL, INC., a United Kingdom corporation, | No. 11-55172 |
|---|---|
| Plaintiff - Appellee - Cross-Appellant, | D.C. No. 2:04-cv-03541-VAP-RNB |
| v. | |
| AMERICAN BROADCASTING COMPANIES, INC., a New York corporation; et al., | |
| Defendants - Appellants - Cross-Appellees., | |
| _____, | |
| THE WALT DISNEY COMPANY; et al., | |
| Defendants, | |
| and | |
| LUSAM MUSIC, LTD., a United Kingdom corporation; et al., | |
| Plaintiffs. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted October 10, 2012
Pasadena, California

Before: TROTT, KLEINFELD, and McKEOWN, Circuit Judges.

American Broadcasting Companies, Inc. ("ABC"), Buena Vista Television ("BVT"), and Valleycrest Productions ("Valleycrest") (collectively, "the Disney affiliates") appeal an order denying their motion for judgment as a matter of law and motion for a new trial following a jury verdict against them in a suit brought by Celador International ("Celador") for breach of a contract by which Celador sold appellants the North American rights to the game show, *Who Wants to be a Millionaire?*. Celador claimed that the Disney affiliates breached the express terms of the contract and the implied covenant of good faith and fair dealing by failing to include half of ABC's profits in Celador's compensation ("the network license claim") and by improperly deducting merchandising distribution expenses from the compensation ("the merchandising claim"). The Disney affiliates argue that the district court erred in submitting the interpretation of disputed contract questions to the jury, that the implied covenant theory was legally insufficient and tainted by the erroneous submission of the contract questions, that they are entitled to a new trial because the district court committed evidentiary, instructional, and other errors, and that the jury's award of $269 million in damages was unsupported by the record.

Reviewing de novo, we hold that the district court did not err in denying the Disney affiliates' motion for judgment as a matter of law, *First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1067 (9th Cir. 2011), nor did the court

3

abuse its discretion in denying a motion for a new trial, *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218 (9th Cir. 2010). Because the jury's award of damages is afforded "substantial deference," and it was not "grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork," *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 95 F.3d 1422, 1435 (9th Cir. 1996), we also uphold the damages award.[1]

The district court did not err by submitting disputed contract questions to the jury. The interpretation of contract provisions and the determination of whether contract language is ambiguous are questions of law. *Miller v. United States*, 363 F.3d 999, 1003-04 (9th Cir. 2004). Under California law, which governs the contract here, courts determine whether a contract is ambiguous by "provisionally receiv[ing] any proffered extrinsic evidence which is relevant to show whether the contract is reasonably susceptible of a particular meaning." *First Nat'l Mortg. Co.*, 631 F.3d at 1067 (internal quotation marks omitted). If the court finds a material conflict in the extrinsic evidence, the jury is tasked with weighing the credibility of the conflicting evidence. *Id.*

---

[1] Because we affirm the district court's rulings and uphold the jury's verdict, we do not reach Celador's cross-appeal of the district court's grant of the Disney affiliates' motion for judgment as a matter of law on Celador's fraud claim. Celador's cross-appeal was conditional, effective only if the judgment were reversed.

4

We conclude that the terms of the parties' contract were ambiguous as to the network license claim, because, among other things, the contract both referred to Celador's compensation in terms of sums derived from "ABC/BVT" and to sums received only by "BVT." We also hold that the extrinsic evidence of the parties' disclosed intentions regarding the meaning of those terms materially conflicted. Although the Disney affiliates advanced a persuasive case at oral argument for their interpretation of the contract, Celador's reading is also plausible. In a pretrial order, the district court precluded Celador from arguing that it was entitled to share directly in ABC's revenues, but permitted Celador to argue that it was entitled to share in those revenues indirectly in the form of the license fee that ABC paid BVT to produce the game show. Because neither party appealed this order, and because the terms of the order indicate that its preclusion was directed at the damages phase of trial, Celador was not barred from advancing the contract interpretation that it did.

The contract was also ambiguous with regard to the merchandising claim. The contract did not expressly provide for the deduction of merchandising distribution expenses. Divergent conclusions could be drawn from the contract's allowance of distribution expenses deductions "directly" related to the "Pilot and/or Series," and from the contract's bar on cross-collateralizing merchandising

5

costs and revenues with specified deductions. The extrinsic evidence regarding the meaning of the terms was in material conflict.[2]

We review evidentiary rulings for abuse of discretion and will reverse only if an erroneous ruling was prejudicial. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1110 (9th Cir. 2011). The district court did not abuse its discretion in excluding as either irrelevant or unduly prejudicial[3] an assignment agreement between Celador and an affiliated company, a spreadsheet purportedly calculating profits under the contract, evidence of the benefits Celador derived from the foreign rights to the game show, or evidence of the show's performance in syndication. The jury's verdict was not "contrary to the clear weight of the evidence," *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000), and these evidentiary rulings, even if erroneous, do not entitle the Disney affiliates to a new trial. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) ("An appellate court generally will not reverse the denial of a new trial motion if there was *some reasonable basis* for the jury's verdict.") (emphasis added; internal quotation marks omitted).

---

[2] Because the district court did not err by submitting the express contract questions to the jury, and because the jury returned a verdict on the express contract basis, we do not address the adequacy of any alternative basis for liability under the implied covenant theory.

[3] We do not address the additional grounds for exclusion articulated by the district court.

The exclusion of requested jury instructions is reviewed for abuse of discretion. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The district court did not abuse its discretion by not instructing the jury that it had to find that a witness's understanding of the contract was communicated to the Disney affiliates before considering the evidence of that understanding. *See Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal. App. 4th 944, 956 (Cal. Ct. App. 2003) (noting that under California law, a party's "undisclosed intent or understanding is irrelevant to contract interpretation" ). The district court sustained objections to evidence of undisclosed understandings during the trial, and acted within its discretion in deciding that an instruction was not necessary.

Neither did the district court abuse its discretion in refusing to give the Disney affiliates' other requested instruction that California law imposes no duty to renegotiate a contract. The court reasonably concluded that the jury was entitled to consider the failure to renegotiate as context to determine whether the license fee arrangement between ABC and BVT breached the implied covenant of good faith and fair dealing, and the absence of this instruction did not taint the damages verdict.

The assumptions that Celador's experts relied upon to project damages provided a reasonable basis for the jury's award. "'[C]riticisms of an expert's

7

method of calculation [are] a matter for the jury's consideration in weighing that evidence'" so long as the evidence is not "'inherently improbable.'" *Humetrix, Inc., v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th Cir. 2001) (quoting *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 54 Cal.Rptr.2d 888, 903 (Cal. Ct. App. 1996)). Celador's expert evidence regarding a fair market license fee and Celador's resulting compensation was not inherently improbable.

**AFFIRMED.**